1  Linda B. Oliver (SBN 166720)
   Email: loliver@reedsmith.com
2  Eugenia S. Chern (SBN 215092)
   Email: echern@reedsmith.com
3  REED SMITH LLP
   1999 Harrison Street, Suite 2400
4  Oakland, CA  94612-3572

5  **Mailing Address:**
   P.O. Box 2084
6  Oakland, CA  94604-2084

7  Telephone:    +1 510 763 2000
   Facsimile:     +1 510 273 8832
8
   Attorneys for Defendant The Guardian Life
9  Insurance Company Of America

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  APRIL FONTANA,                          Case No.

13              Plaintiff,                  **NOTICE OF REMOVAL**

14      vs.

15  THE GUARDIAN LIFE INSURANCE
    COMPANY OF AMERICA; THE CHECK
16  POINT SOFTWARE TECHNOLOGIES, INC.
    DISABILITY PLAN; and DOES 1 through 20,
17  inclusive,

18              Defendants.

19

20          TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

21  DISTRICT OF CALIFORNIA:

22          PLEASE TAKE NOTICE THAT defendant The Guardian Life Insurance Company of

23  America ("Guardian") hereby removes the above-entitled civil action from the Superior Court of

24  California, County of San Francisco, to the United States District Court for the Northern District of

25  California, pursuant to 28 U.S.C. Sections 1331 and 1441, and alleges that removal is proper for the

26  following reasons:

27          1.      On January 14, 2008, plaintiff April Fontana ("plaintiff") filed the above-entitled

28  action in the Superior Court of the State of California, County of San Francisco.  San Francisco

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

1    County is within this judicial district. Guardian first received notice of this action by service of the

2    summons and complaint on or after February 1, 2008. Thirty days since notice and service has not

3    yet expired. The complaint was the first pleading, notice, order or other paper from which it could

4    be ascertained that the case is removable.

5        2.    Plaintiff asserts claims for recovery of employee benefits under 29 U.S.C. Section

6    1132(a)(1)(B), equitable relief under 29 U.S.C. Section 1132(a)(3), breach of fiduciary duty and

7    equitable relief. (Complaint at ¶¶ 16-31). As plaintiff alleges in the Complaint, the claims asserted

8    against Guardian arise from plaintiff's attempt to recover disability benefits under an employee

9    welfare benefit plan as defined in 29 U.S.C. Section 1002(1) of the Employee Retirement Income

10   Security Act of 1974 ("ERISA"). (Complaint at ¶¶ 3, 6, 8-15, 20-22).

11       3.    Original subject matter jurisdiction required to support removal exists if ERISA

12   completely preempts any of the state law claims. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S.

13   58, 62 - 63 (1987). Complete preemption can be invoked when two conditions are satisfied: (1)

14   ERISA expressly preempts the state law cause of action under 29 U.S.C. Section 1144(a) (i.e.

15   "conflict preemption") and (2) that cause of action is encompassed by the scope of the civil

16   enforcement provision of ERISA, 29 U.S.C. Section 1132. *Rutledge v. Seyfarth, Shaw, Fairweather,*

17   *& Geraldson*, 201 F.3d 1212, 1216 (9th Cir.), *amended by* 208 F.3d 1170 (9th Cir.), *cert. denied*,

18   531 U.S. 992 (2000).

19       4.    29 U.S.C. Section 1144(a) states, in relevant part, that "provisions of this subchapter

20   and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or

21   hereafter relate to any employee benefit plan..." Here, plaintiff's state law claims certainly relate to

22   an employee welfare benefit plan as plaintiff seeks to obtain ERISA plan benefits. (Complaint at ¶¶

23   3, 6, 8-15, 20-22).

24       5.    Section 1132(a) provides that a civil action may be brought "by a participant or

25   beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under

26   the terms of the plan, or to clarify his rights to future benefits under the terms of the plan..."

27   Likewise, plaintiff seeks payment of benefits pursuant to the subject Plan and accordingly, its state

28   law claims are encompassed by this section.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.      Removal of a complaint raising only state law causes of action preempted by ERISA is therefore proper under the complete preemption doctrine set forth in *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987).

7.      As such, it is an action which arises under the laws of the United States and of which the district courts of the United States have original jurisdiction under 29 U.S.C. Section 1132(e). This civil action is therefore removable pursuant to 28 U.S.C. Sections 1331 and 1441.

8.      Defendant The Check Point Software Technologies, Inc. Disability Plan has consented to and joins in this removal.

9.      Guardian is informed and believes that DOES 1 through 20 are defendants sued under fictitious names and have not as yet been served.  For purposes of this Notice of Removal, the citizenship of such fictitiously-named defendants must be disregarded pursuant to 28 U.S.C. Section 1441(a).

9.      Attached hereto as Exhibit A is a true and correct copy of all pleadings and process filed in this civil action in the Superior Court and served on Guardian.

A Notice of Filing Removal is concurrently being filed with the Superior Court for the State of California, County of San Francisco, and being served on plaintiff.

DATED:  February 29, 2008.

REED SMITH LLP

By _____
Linda B. Oliver
Eugenia S. Chern
Attorneys for Defendant The Guardian Life
Insurance Company Of America

DOCSOAK-9901292.1

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA;
THE CHECK POINT SOFTWARE TECHNOLOGIES, INC
DISABILITY PLAN; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
APRIL FONTANA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| San Francisco Superior Court | CGC-08-471049 |
| 400 McAllister Street | |
| San Francisco, CA  94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terrence J. Coleman

Pillsbury & Levinson, 600 Montgomery St., 31st Floor, San Francisco, CA  94111 (415) 433-8000

| DATE: JAN 1 4 2008 | Clerk, by  D. STEPPE | , Deputy |
|---|---|---|
| *(Fecha)* Gordon Park-Li | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/1/08

[SEAL]

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | |
| SUM-100 [Rev. January 1, 2004] | American LegalNet, Inc. | www.USCourtForms.com |

**SUMMONS**

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JAN 1 4 2008

GORDON PARK-LI, Clerk
BY: _____ DEBORAH STEPPE
Deputy Clerk

1  Terrence J. Coleman    (State Bar No. 172183)
2  Brian H. Kim    (State Bar No. 215492)
   PILLSBURY & LEVINSON, LLP
3  The Transamerica Pyramid
   600 Montgomery Street, 31st Floor
4  San Francisco, California 94111
   Telephone: (415) 433-8000
5  Facsimile: (415) 433-4816
   E-mail: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com

6                                                      CASE MANAGEMENT CONFERENCE SET
7  Attorneys for Plaintiff,
   APRIL FONTANA
                                                       JUN 1 3 2008  ‑9:00 AM
8

9              SUPERIOR COURT OF CALIFORNIA           DEPARTMENT 212

10                COUNTY OF SAN FRANCISCO

11

12  APRIL FONTANA,                        )   Case No. CGC-08-471049
                                          )
13                Plaintiff,              )   COMPLAINT FOR RECOVERY OF
                                          )   EMPLOYEE BENEFITS; BREACH
14  v.                                    )   OF FIDUCIARY DUTY;
                                          )   EQUITABLE RELIEF; and FAILURE
15  THE GUARDIAN LIFE INSURANCE           )   TO PRODUCE DOCUMENTS
    COMPANY OF AMERICA; THE CHECK         )
16  POINT SOFTWARE TECHNOLOGIES,          )   JURY TRIAL DEMANDED
    INC. DISABILITY PLAN;  and DOES 1     )
17  through 20, inclusive,                )
                                          )
18                Defendants.             )
                                          )
19  _____  )

20

21        Plaintiff alleges on information and belief as follows:

22                      GENERAL ALLEGATIONS

23        1.     Plaintiff APRIL FONTANA is an individual currently residing in

24  the State of Missouri, who at all relevant times was residing in the State of

25  California.

26        2.     Defendant THE GUARDIAN LIFE INSURANCE COMPANY OF

27  AMERICA ("GUARDIAN") was and is a business entity authorized to transact

28

                                   1
    COMPLAINT

1   business in the State of California, including the sale, issuance and

2   administration of disability insurance and plan benefits.

3        3.       Defendant THE CHECK POINT SOFTWARE TECHNOLOGIES,

4   INC. DISABILITY PLAN ("the Plan") is a long-term disability plan that was

5   offered by CHECK POINT SOFTWARE TECHNOLOGIES, INC., Plaintiff's

6   former employer. The Plan was and is an employee welfare benefit plan

7   governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et*

8   *seq.* ("ERISA"). GUARDIAN was and remains the de facto plan administrator

9   and fiduciary of the Plan.

10       4.       Plaintiff is ignorant of the true names and capacities of Defendants

11  sued herein as DOES 1 through 20, inclusive, and therefore sues these

12  Defendants by said fictitious names. Plaintiff will amend this Complaint to

13  allege their true names and capacities when they have been ascertained.

14       5.       At all relevant times, Plaintiff was employed in San Francisco,

15  California as a marketing program manager for CHECK POINT SOFTWARE

16  TECHNOLOGIES, INC. and as such was enrolled in the Plan which it offered

17  and which was insured through a group disability contract issued by

18  GUARDIAN, Group Policy No. G-00317165-IC.

19       6.       At all material times hereto, Plaintiff was insured under the Plan.

20  Under the Plan and California law governing the definition of total disability,

21  GUARDIAN promised, in relevant part, to pay monthly benefits in the event that

22  she became unable to perform with reasonable continuity in the usual and

23  customary manner the material and substantial duties of any gainful occupation

24  for which she was reasonably fitted by reason of her training, education,

25  experience and station in life.

26       7.       At all material times herein, Plaintiff complied with all the material

27  provisions pertaining to the Plan and/or compliance was waived by Defendants.

28

2

**COMPLAINT**

8.      While the Plan was in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the Plan as a result of, *inter alia*, multi-level spinal stenosis; cervical disc disease; lumbar disease; thoracic outlet syndrome; neuropathic syndrome; endometriosis; chronic repetitive strain, overuse syndrome of the upper extremities; and fibromyalgia.  Plaintiff has been, remains, and will be unable to perform the substantial and material duties of any gainful occupation.

9.      Shortly after becoming disabled, Plaintiff timely applied for disability benefits under the Plan.

10.      After submitting her claim for benefits, GUARDIAN paid monthly disability benefits for an extended period of time.  Without conducting any reasonable or thorough investigation and without any evidence or information that Plaintiff's conditions had improved to allow a return to gainful employment, GUARDIAN wrongfully terminated benefits in or about October 12, 2006.

11.      Thereafter, through counsel, Plaintiff timely appealed GUARDIAN'S termination of benefits and provided additional and overwhelming evidence in support of her physical impairments and continuing and permanent disability.

12.      In a letter dated October 31, 2007, GUARDIAN purported to deny Plaintiff's appeal and maintained its denial of benefits.

13.      As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

14.      As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied disability benefits together with interest thereon and has suffered further and severe economic hardship and emotional distress.

///

3

COMPLAINT

15.    As a further result of the actions of Defendants, and each of them, Plaintiff has been forced to engage the services of legal counsel for the purpose of obtaining her insurance benefits.

### FIRST CAUSE OF ACTION
### Recovery Of Employee Benefits
(Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

16.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

17.    At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

18.    At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

19.    While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

20.    GUARDIAN, however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed GUARDIAN's termination of benefits and exhausted her administrative remedies. The appeal was denied by GUARDIAN's letter dated October 31, 2007.

21.    Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are liable for all benefits due under the Plan and GUARDIAN's policy, which have been improperly withheld from Plaintiff. Plaintiff's physical conditions are

///

4

COMPLAINT

1    permanent. Accordingly, Plaintiff is and will continue to be entitled to monthly

2    disability benefits through the applicable maximum benefit period of the Plan.

3        22.    As a proximate result of Defendants' actions, Plaintiff has been

4    deprived of her disability benefits to which she was and is entitled and has

5    suffered damage as set forth in Paragraphs 12-14 above. Plaintiff further seeks a

6    declaration as to her entitlement to future benefits, to wit: an injunction

7    prohibiting Defendants from terminating her benefits until the end of the

8    maximum benefit period or such other declaration the Court deems proper.

9                    SECOND CAUSE OF ACTION
                        Equitable Relief
10        (Against GUARDIAN, and DOES 11-20 ; 29 U.S.C. §1132(a)(3))

11        23.    Plaintiff realleges and incorporates by reference herein Paragraphs

12    1 through 21 of this Complaint as though fully set forth herein.

13        24.    At all material times herein, Defendants, and each of them, were

14    fiduciaries with respect to their exercise of authority over the management of the

15    Plan, disposition of Plan assets, and administration of the Plan.

16        25.    Plaintiff asserts a breach of fiduciary duty against GUARDIAN as

17    an individual Plan participant and on behalf of all other the participants and

18    beneficiaries of the Plan.

19        26.    Plaintiff asserts that a claim for benefits due under the Plan does

20    not provide her with an adequate remedy at law in light of GUARDIAN's

21    continuing course of conduct in violating the terms of the Plan and applicable

22    law as described below.

23        27.    Defendants, and each of them, were obliged to discharge their

24    duties solely in the interests of beneficiaries and participants for the exclusive

25    purpose of providing beneficiaries and participants benefits, defraying

26    reasonable expenses of the Plan, using all prudent skill and diligence in

27    accordance with the documents and instruments governing the Plan.

28

COMPLAINT

28.    At all material times herein, Defendants, and each of them, violated these duties by, *inter alia*, the following:

A.    Consciously and unreasonably and intentionally and without justification denying Plaintiff's claim for disability benefits, and related claims and/or similar claims, despite knowledge that Plaintiff and similarly situated claims are and remain totally disabled under the terms and conditions of the Plan and under the definition of total disability as defined by California law;

B.    Consciously and unreasonably delaying the decision concerning Plaintiff's claim, and related claims and/or similar claims, for disability benefits;

C.    Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

D.    Consciously and unreasonably asserting improper bases for denying Plaintiff's claim, and related claims and/or similar claims, for disability benefits;

E.    Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of her rightful benefits with the knowledge that said delays and denials

COMPLAINT

6

1  were and are wrongful and contrary to their obligations

2  under the Plan and the law, including intentionally failing to

3  apply the correct definition of disability under California

4  law to all of the Plan participants to whom that definition

5  applies;

6  F.  Consciously and unreasonably failing to adopt and

7  implement reasonable or proper standards applicable to the

8  prompt and fair investigation, processing and adjudication

9  of Plaintiff's claim, and related claims and/or similar claims,

10  under the Plan;

11  G.  Consciously and unreasonably interpreting the Plan in a

12  manner designed to deny benefits and in a manner which

13  thwarts the reasonable expectations of the Plan's

14  beneficiaries and participants in order to maximize its owns

15  profits and minimize the benefits it pays claimants;

16  H.  Consciously and unreasonably refusing to pay Plaintiff's

17  claim, and related claims and/or similar claims, with the

18  knowledge that Plaintiff's claim and similar claims are

19  payable and with the intent of boosting profits at Plaintiff's

20  and other claimants' expense; and

21  I.  Consciously and unreasonably failing to follow the terms of

22  the Plan and applicable regulations governing the

23  administration of claims, the review of denied claims, and

24  required production of relevant documents.

25  29.  Plaintiff further alleges that Defendants, and each of them, have

26  breached their fiduciary duties by misapplying, misinterpreting and/or ignoring

27  ///

28

**COMPLAINT**

1    relevant provisions of the Plan by, and hereby requests a judgment permanently

2    enjoining Defendants from interpreting the Plan in the following ways:

3           A.     From denying benefits based upon an interpretation of "total

4                 disability" different from that required under applicable law

5                 and the Plan, including the requirement that a claimant be

6                 unable to work with reasonable continuity in the usual and

7                 customary way; and

8           B.     From obtaining input from biased medical consultants with

9                 a conflict of interest with Defendants who are not

10                 appropriately trained and experienced in the conditions that

11                 are the subject of the claim;

12      30.     Plaintiff further requests judgment permanently enjoining

13    Defendants from ever again serving as a fiduciary with respect to the Plan,

14    together with attorneys' fees and costs.

15      31.     In addition, Plaintiff seeks appropriate equitable relief from the

16    Defendants, and each of them, and seeks an order by this Court that her total

17    disability benefits be reinstated, that Defendants be enjoined from terminating

18    benefits for the duration of the applicable maximum benefit period under the

19    Plan, and that she be placed in the position she would have been in had she been

20    paid the benefits to which she is entitled, including, without limitation, interest,

21    attorneys fees and other losses resulting from Defendants' breach.

22      WHEREFORE, Plaintiff prays as follows:

23      1.     For a determination that Plaintiff is entitled to receive benefits

24    under the Plan and an injunction mandating the payment of benefits to Plaintiff

25    for the maximum benefit period under the Plan;

26      2.     For damages according to proof;

27      3.     For general damages according to proof;

28

8

**COMPLAINT**

1    4.    For attorneys' fees and costs of suit incurred herein;

2    5.    For interest;

3    6.    For equitable and injunctive relief as set forth above; and

4    7.    For such other and further relief as the Court may find appropriate.

**JURY TRIAL IS HEREBY DEMANDED**

6    DATED: January 14, 2007              PILLSBURY & LEVINSON, LLP

8                                         By: _____
                                              Brian H. Kim, Esq.
9                                             Attorneys for Plaintiff,
                                              APRIL FONTANA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NUMBER: CGC-08-471049  APRIL FONTANA VS. THE GUARDIAN LIFE INSURANCE C

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | | |
|---|---|---|
| **DATE:** | **JUN-13-2008** | |
| **TIME:** | **9:00AM** | |
| **PLACE:** | **Department 212** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

ADR-1   10/07 (ja)

Page 1

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides **three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation     ☐ Mediation Services of BASF    ☐    Judicial Mediation

☐ Binding arbitration                                    Judge _____

☐ Non-binding judicial arbitration            Judge _____

☐ BASF Early Settlement Program

☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06           **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>TELEPHONE NO.:    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT<br>(Check one):  ☐ UNLIMITED CASE  ☐ LIMITED CASE<br> (Amount demanded  (Amount demanded is $25,000<br> exceeds $25,000)  or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:    Time:    Dept.:    Div.:    Room:
Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

CASE MANAGEMENT STATEMENT

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐     *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*
  (1) ☐ Mediation
  (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
  (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
  (4) ☐ Binding judicial arbitration
  (5) ☐ Binding private arbitration
  (6) ☐ Neutral case evaluation
  (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**14. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

**Superior Court Alternative Dispute Resolution**
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On February 29, 2008, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL**

☐ by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

Terrence J. Coleman
Brian H. Kim
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: 415-433-8000
Facsimile: 415-433-4816

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on February 29, 2008, at Oakland, California.

_Rowena Lerma_

Rowena Lerma

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
April Fontana

## DEFENDANTS
The Guardian Life Insurance Company of America; The Check Point Software Technologies, Inc. Disability Plan; and DOES 1 through 20

**(b)** County of Residence of First Listed Plaintiff  State of Missouri
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Terrence J. Coleman (SBN 172183)/ Brian H. Kim (SBN 215492)
Pillsbury & Levinson, LLP
600 Montgomery Street, 31st Floor
San Francisco, CA 94111   Ph: 415-433-8000

Attorneys (If Known)

Linda B. Oliver (SBN 166720)/ Eugenia S. Chern (SBN 215092)
Reed Smith LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612   Ph: 510-763-2000

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | | | Determination |
| | Employment | ☐ 550 Civil Rights | **IMMIGRATION** | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | | to Justice |
| | Other | | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | Alien Detainee | | State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1132
Brief description of cause:
Plaintiff asserts state law claims seeking payment of benefits under employee welfare benefit plan governed by ERISA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
February 29, 2008

SIGNATURE OF ATTORNEY OF RECORD