1  Linda B. Oliver (SBN 166720)
   Email: loliver@reedsmith.com
2  Eugenia S. Chern (SBN 215092)
   Email: echern@reedsmith.com
3  REED SMITH LLP
   1999 Harrison Street, Suite 2400
4  Oakland, CA 94612-3572

5  **Mailing Address:**
   P.O. Box 2084
6  Oakland, CA 94604-2084

7  Telephone:   +1 510 763 2000
   Facsimile:   +1 510 273 8832
8
   Attorneys for Defendants The Guardian Life
9  Insurance Company Of America and The Check
   Point Software Technologies, Inc. Disability Plan
10
                    UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

| APRIL FONTANA, | Case No. C 08-01231 CRB |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; THE CHECK POINT SOFTWARE TECHNOLOGIES, INC. DISABILITY PLAN; and DOES 1 through 20, inclusive, | Date:   April 11, 2008<br>Time:   10:00 a.m.<br>Place:  Ctrm 8, 19th Floor |
| Defendants. | Honorable Charles R. Breyer |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 11, 2008, at 10:00 a.m. or as soon thereafter as counsel may be heard before the Honorable Charles R. Breyer, United States District Judge, in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, defendants The Guardian Life Insurance Company of America and The Check Point Software Technologies, Inc. Disability Plan (collectively "defendants") will and hereby do move to strike portions of plaintiff April Fontana's Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

– 2 –

1  Defendants make this motion pursuant to Federal Rule of Civil Procedure 12(f) on the
2  ground that the remedies requested by plaintiff are not available pursuant to the Employee
3  Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(a)(1)(B), because they duplicate,
4  supplement or supplant ERISA's remedial scheme and are therefore preempted.  This Motion is
5  based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and
6  Authorities, the papers, pleadings and other documents on file in this action, and such other and
7  further oral or documentary evidence as may be presented at or before the hearing.

9  DATED:  March 7, 2008.

10 REED SMITH LLP

12 By____/s/ Eugenia S. Chern_____
      Linda B. Oliver
13    Eugenia S. Chern
      Attorneys for Defendants The Guardian Life
14    Insurance Company Of America and The Check
      Point Software Technologies, Inc. Disability Plan

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiff April Fontana ("plaintiff") commenced this action against defendants The Guardian Life Insurance Company of America ("Guardian") and The Check Point Software Technologies, Inc. Disability Plan after plaintiff's claim for disability benefits under a group long term disability insurance policy was terminated. As plaintiff acknowledges in her complaint, the policy is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq*. The Complaint alleges two causes of action: (1) recovery of employee benefits under 29 U.S.C. Section 1132(a)(1)(B); and (2) equitable relief under 29 U.S.C. Section 1132(a)(3). Despite plaintiff's admission that this action is governed by ERISA, plaintiff asserts claims for general damages, including damages for emotional distress, and demands a jury trial. Since the relief requested duplicates, supplements or supplants ERISA's remedial scheme, defendants respectfully request that this Court strike plaintiff's request for damages and jury trial demand.

## II.   PLAINTIFF'S ALLEGATIONS.

Plaintiff filed the instant Complaint on January 14, 2008, in the Superior Court of California, County of San Francisco. According to the Complaint, plaintiff was employed in San Francisco, California as a marketing program manager for Check Point Software Technologies, Inc. and as such, was enrolled in the Check Point Software Technologies, Inc. Disability Plan (the "Plan"). Complaint at ¶ 5. Plaintiff asserts that, as a Plan member, she was insured through a group disability contract issued by Guardian. *Id.* Plaintiff admits that the Plan "was and is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*." *Id.* at ¶ 3.

Plaintiff alleges that she became disabled and applied for disability benefits under the Plan. Complaint at ¶¶ 8-9. Guardian paid her disability benefits for a period of time, then terminated benefits in or about October 12, 2006. *Id.* at ¶ 10. Plaintiff now brings this action seeking payment of disability benefits under the Plan. *Id.* at ¶¶ 14, 21, 22, page 8, lines 23-25. The Complaint asserts

1  a claim for recovery of employee benefits under 29 U.S.C. Section 1132(a)(1)(B) and a claim for
2  equitable relief under 29 U.S.C. Section 1132(a)(3). *Id.* at ¶¶ 16-31. In addition, the Complaint
3  purports to seek general damages (*id.* at ¶ 13 and p. 8, lines 26-27), including emotional distress
4  damages (*id.* at ¶ 14). Plaintiff has also demanded a jury trial. *Id.* at pp. 1, 9.
5       Guardian was served with the Summons and Complaint on February 1, 2008, and removed
6  the action to this Court on February 29, 2008, on the ground that this Court has original jurisdiction
7  over plaintiff's claims under 29 U.S.C. Section 1132(e).

### III.  POINTS AND AUTHORITIES.

#### A.  Standard For Motion To Strike.

A motion to strike is the primary method of reaching defects or objections to a pleading that cannot be addressed by a motion to dismiss. Federal Rule of Civil Procedure 12(f) empowers a Court to "order stricken from any pleading … any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). A motion to strike may also be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

#### B.  Plaintiff's Claims Are Completely Preempted By ERISA.

ERISA establishes a comprehensive federal regulatory scheme for employee benefit plans. To achieve uniformity and to ensure the effectiveness of ERISA's regulatory scheme, ERISA has "one of the broadest preemption clauses ever enacted by congress." *Joanou v. Coca Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994); 29 U.S.C. § 1144(a) (ERISA shall "supersede any and all State laws

insofar as they may now or hereafter relate to any employee benefit plan."). This preemption provision is "deliberately expansive" and designed to establish employee benefit plan regulation as exclusively a federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987), *overruled in part on other grounds in Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341 (2003); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

Pursuant to ERISA's broad preemptive power, the Supreme Court held that "the civil enforcement provisions of ERISA § 502(a) [29 U.S.C. § 1132(a)] [must] be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life*, 481 U.S. at 52. If an individual can bring his claims as a claim for benefits under ERISA and "where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted" by ERISA. *Davila*, 542 U.S. at 210.

Although plaintiff initiated this lawsuit in state court, it appears undisputable that plaintiff's claims are exclusively governed by ERISA. First, plaintiff asserts two claims for relief under ERISA, 29 U.S.C. Sections 1132(a)(1)(B), (a)(3): (1) recovery of employee benefits under the Plan; and (2) equitable relief in connection with Guardian's alleged breach of fiduciary duties in connection with the administration of the Plan. Complaint at ¶¶ 16-31. Second, plaintiff admits in the Complaint that the subject Plan "was and is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*" *Id.* at ¶ 3. Since the duties alleged by plaintiff do not arise independently of the ERISA plan or interpretation of its terms, liability could only arise out of Guardian's administration of the plan. *See Davila*, 542 U.S. 212-13; *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005) ("When [plaintiff] sought benefits under the plan and did not receive them, he did not pursue his ERISA remedy but instead brought the present state-law claims. These are precisely the kind of claims that the Supreme Court in *Davila* held to be preempted").

**C.   ERISA Preempts The Remedies Sought By Plaintiff's Claims.**

ERISA's "integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), [is] … essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of

– 5 –

employee benefit plans." *Davila*, 29 U.S. at 208.  Thus, "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

Plaintiff improperly seeks a variety of state law remedies that duplicate, supplement or supplant the remedies already available pursuant to ERISA.  Specifically, plaintiff seeks general money damages, including damages for emotional distress.  Complaint at p. 1, ¶¶ 13 and 14, Prayer for Relief at pp. 8-9.  However, it is well settled that these types of remedies are preempted under ERISA.  *Davila*, 542 U.S. at 215 (ERISA preempts claims that were labeled either tort or tort-like seeking state remedies beyond those permitted by 29 U.S.C. Section 1132, such as compensatory and punitive damages and mental anguish); *see also Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)) (extracontractual, compensatory and punitive damages are not available, and loss of chance for survival, loss of income, loss of consortium, and emotional distress were not recoverable, under ERISA).

There are six carefully integrated civil enforcement provisions found in 29 U.S.C. Section 1132(a) of ERISA, which provide strong evidence that Congress did not intend to authorize other remedies.  *Russell*, 473 U.S. at 146.  Congress has repeatedly emphasized that the purpose of ERISA is to protect contractually defined plan benefits.  Under 29 U.S.C. Section 1132(a)(1)(B), plaintiffs may recover benefits due them and may sue to enforce their rights under a plan or to clarify their rights to future benefits under a plan.  Therefore, this section provides for relief only for the loss of past and future benefits.  *See Russell*, 473 U.S. at 144.  Here, plaintiff has already asserted a claim for recovery of benefits under Section 1132(a)(1)(B).  Complaint at ¶¶ 14, 16-22 and page 8, lines 23-25.  Accordingly, to the extent that plaintiff seeks any other monetary relief beyond payment of benefits, that requested relief falls outside ERISA's established remedial scheme and is therefore preempted and should be stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

**D.     Plaintiff's Demand For Jury Trial Should Be Stricken.**

In addition, plaintiff's demand for jury trial should be stricken from the Complaint because

there is no right to jury trial under an ERISA action. *See Thomas v. Or Fruit Prods. Co.*, 228 F.3d 991, 996-997 (9th Cir. 2000) ("the remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries"). The Ninth Circuit has stated that participants and beneficiaries claiming benefits under ERISA are not entitled to "full trial[s] de novo" because such trials would undermine the policies behind ERISA. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094 (9th Cir. 2000). Rather, *Kearney* created a "novel form of trial," in which the district court, subject to its discretion to consider additional evidence under limited circumstances, is to conduct "a bench trial[] on the record[]." *Id.* at 1095 n.4.

Every other circuit has likewise rejected plaintiffs' right to a jury trial in ERISA cases. *See, e.g., Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 54 (1st Cir. 2000) ("[T]he district court did not err in finding [plaintiff's] state law claim . . . preempted and denying his demand for a jury trial"); *Tischmann v. ITT / Sheraton Corp.*, 145 F.3d 561, 568 (2d Cir.), *cert. denied*, 525 U.S. 963 (1998) ("[C]ases involving ERISA benefits are inherently equitable in nature, not contractual, and . . . no right to jury trial attaches to such claims"); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-650 (3d Cir. 1990) (claims for benefits under section 502(a)(1)(B) are equitable in nature and therefore that no jury trial exists with respect to such claims); *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 298 (4th Cir. 1993) ("Because ERISA preempts [plaintiff's] common law contract claim, his claim should have been tried by the court under the principles of ERISA, rather than before the jury […]."); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (noting that the Supreme Court has "made clear that a request for monetary recovery sounds in equity, and thus does not guarantee a jury trial, when it is restitutionary in nature"); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998) ("Because [plaintiff] has no cause of action for which money damages are a recognized remedy, we view his appeal as one from the denial of benefits and conclude that the district court properly denied his motion for a jury trial"); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir.), *cert. denied*, 525 U.S. 1054 (1998) ("[T]here is no right to a jury trial in an ERISA case . . . ."); *see also Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999), *cert. denied*, 529 U.S. 1087 (2000); *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998); *Broaddus v.*

– 7 –

*Florida Power Corp.*, 145 F.3d 1283, 1287 (11th Cir. 1998).

Accordingly, plaintiff does not have a right to a jury trial of her ERISA claims, and therefore, any demand for such a trial in his Complaint should be stricken.

## IV. CONCLUSION.

For the foregoing reasons, defendants respectfully request that plaintiff's request for general damages and emotional distress damages, as well as plaintiff's demand for jury trial, as set forth in the Complaint, be stricken on the ground that they are not permitted under ERISA.

DATED:  March 7, 2008.

REED SMITH LLP

By     /s/ Eugenia S. Chern
    Linda B. Oliver
    Eugenia S. Chern
    Attorneys for Defendants The Guardian Life
    Insurance Company Of America and The Check
    Point Software Technologies, Inc. Disability Plan

DOCSOAK-9901635.2

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On March 7, 2008, I served the following document(s) by the method indicated below:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐ by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

John E. Slavitt, Esq.
Check Point Software Technologies, Inc.
800 Bridge Parkway
Redwood City, CA 94065
Telephone: 650-628-2110
Facsimile: 650-649-1975

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on March 7, 2008, at Oakland, California.

        /s/ Rowena Lerma
        Rowena Lerma