1 | Arnold R. Levinson  (State Bar No. 066583)
Terrence J. Coleman (State Bar No. 172183)
2 | Brian H. Kim        (State Bar No. 215492)
PILLSBURY & LEVINSON, LLP
3 | The Transamerica Pyramid
600 Montgomery St., 31st Floor
4 | San Francisco, California 94111
Telephone: (415) 433-8000
5 | Facsimile:   (415) 433-4816
Email:  alevinson@pillsburylevinson.com, tcoleman@pillsburylevinson.com
6 | bkim@pillsburylevinson.com
7 |
Attorneys for Plaintiff
8 | APRIL FONTANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| APRIL FONTANA, | ) | Case No.  CV-08-1231-CRB |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF APRIL FONTANA'S** |
| | ) | **OPPOSITION TO DEFENDANTS'** |
| v. | ) | **MOTION TO STRIKE** |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | Date:        April 11, 2008 |
| COMPANY OF AMERICA; THE CHECK | ) | Time:       10:00 a.m. |
| POINT SOFTWARE TECHNOLOGIES, | ) | Place:       Courtroom 8, 9th Floor |
| INC. DISABILITY PLAN; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

In this disability insurance action governed by the Employee Retirement
Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., Plaintiff April Fontana has
brought claims under ERISA for the following three types of relief:

(1)    for the recovery of disability benefits that have been wrongfully
withheld from her by Defendants The Guardian Life Insurance
Company of America, ("Guardian") and The Check Point Software
Technologies, Inc. Long Term Disability Plan (the "Plan"), pursuant to
ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B);

(2)     for appropriate equitable and injunctive relief, including but not limited to removing Guardian as a fiduciary of the Plan and/or prohibiting Guardian from performing various acts in administering claims under the Plan, pursuant to ERISA § 502 a)(3), codified at 29 U.S.C. § 1132(a)(3); and

(3)     for equitable "make-whole" monetary relief, pursuant to ERISA § 502(a)(3).

Defendants' Motion to Strike seeks to remove Plaintiff's request for general damages, including damages for emotional distress, as well as Plaintiff's request for a jury trial. Defendants argue: (1) Plaintiff's remedies under ERISA are limited to past disability benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) Plaintiff's jury trial demand should be dismissed because jury trials are not available in ERISA cases.

Defendants' motion should be denied for the following reasons. First, Defendants focus exclusively on the remedies available under ERISA § 502(a)(1)(B) and fail to acknowledge that Plaintiff may pursue these additional remedies, including equitable "make-whole" relief, pursuant to ERISA §502(a)(3). The Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489 (1996) held ERISA § 502(a)(3) could provide individual equitable relief where relief under § 502(a)(1)(B) is inadequate. It is not enough that Plaintiff simply be awarded her past benefits and put back on claim with Guardian continuing as the claims fiduciary free to do the same thing to her all over again; such relief does not compensate her for the consequential financial hardship she and her family have suffered or the emotional distress caused by Guardian's unjustified withholding of disability benefits needed for survival.

The United States Solicitor General and the Department of Labor agree that "make-whole" monetary relief is available under ERISA § 502(a)(3) as "other appropriate equitable relief". Such monetary relief was designed to place the Plaintiff in the positions she was in before the breach was relief typically available in equity.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1  *See* Req. Jud. Not., Exh. B (*Brief of United States as Amicus Curia in Favor of Petitioner*,

2  filed December 2003 in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)), p. 27 fn. 13.

3        Second, Defendants rely upon old cases for the proposition that jury trials are

4  never allowed in ERISA cases.  In fact, recent Supreme Court authority has clarified

5  that Plaintiff's claim for the recovery of her withheld disability benefits under ERISA

6  §502(a)(1)(B) is a *legal* claim for money damages.  Accordingly, Plaintiff has a

7  constitutional right to a jury trial as to her first cause of action for benefits due.

8  **II.    FACTUAL AND PROCEDURAL BACKGROUND**

9        Fontana was employed as a marketing program manager for Check Point

10  Software Technologies, Inc. and was enrolled in the Plan, which was insured by

11  Guardian.  While still enrolled in the Plan, she became disabled as a result of multiple

12  conditions, including multi-level spinal stenosis, cervical disc disease, lumbar disc

13  disease, thoracic outlet syndrome, neuropathic syndrome, endometriosis, chronic

14  repetitive strain, overuse syndrome of the upper extremities and fibromyalgia.

15        Fontana accordingly submitted her claim for benefits to Guardian, which paid

16  her monthly disability benefits for an extended period of time.  At all times, Guardian

17  acted as the actual plan administrator.  On or around October 12, 2006, Guardian

18  wrongfully terminated benefits without conducting a reasonable or thorough

19  investigation and without any evidence that her conditions had improved to allow

20  her to return to gainful employment.  Fontana timely appealed Prudential's denial of

21  benefits and provided additional evidence to confirm her continuing and permanent

22  disability.  On October 31, 2007, Guardian sent a letter denying her appeal.

23        On January 14, 2008, Fontana filed her Complaint in San Francisco Superior

24  Court against Guardian and the Plan, stating two causes of action under ERISA.  *See*

25  Req. Jud. Not., Exh. A.  The First Cause of Action is identified as a cause of action for

26  recovery of benefits under ERISA § 502(a)(1)(B).  The Second Cause of Action is a

27  identified as a cause of action for equitable relief pursuant to under ERISA § 502(a)(3),

28  and seeks "appropriate equitable relief from each of the Defendants".  Among other

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    things, the Complaint seeks equitable "make-whole" relief.  *See* Req. Jud. Not., Exh. A,

2    ¶ 13-14, pp. 8-9.

3    **III.    ARGUMENT**

4        **A.    The United States Solicitor General and Department of Labor Agree**
         **That "Make-Whole" Monetary Relief Is Available Under 502(a)(3).**

5

6        Defendants' Motion to Strike mistakenly assumes that Plaintiff is only entitled

7    to the remedies available under ERISA § 502(a)(1)(B), but fails to acknowledge that

8    Plaintiff also seeks remedies under ERISA § 502(a)(3).  However, Plaintiff included a

9    cause of action under ERISA § 502(a)(3) precisely because of the limited remedies §

10   502(a)(1)(B) provides.

11       In addition to having an express right to sue to recover benefits under ERISA §

12   502(a)(1)(B), participants and beneficiaries may also seek equitable relief in connection

13   with a benefits dispute.  ERISA § 502(a)(3) provides ERISA plan participants and

14   beneficiaries with standing to bring a civil suit:  "(A) to enjoin any act or practice

15   which violates any provision of this title or the terms of the plan, or (B) to obtain other

16   appropriate equitable relief (i) to redress such violations or (ii) to enforce any

17   provisions of this title or the terms of the plan. . ."  29 U.S.C. § 1132(a)(3).

18       In fact, the Supreme Court in *Varity* construed ERISA civil enforcement scheme

19   expansively and held that ERISA § 502(a)(3) is a "catch-all" provision guaranteeing

20   individual ERISA plan participants the right to adequate recovery for breaches of

21   fiduciary duty.  *Varity*, 516 U.S. at 509-13.  The Ninth Circuit has stated that *Varity*

22   "effectively overturn[ed]" a prior holding by the Circuit that a plaintiff is precluded

23   from pursuing any individual relief for breach of fiduciary duty.  *See McLeod v. Oregon*

24   *Lithoprint, Inc.*, 102 F.3d 376, 377-78 (9th Cir. 1996).  In fact, a § 502(a)(3) claim is only

25   improper where a participant may obtain complete, or *"adequate"* relief.  *Forsythe v.*

26   *Humana*, 114 F.3d 1467, 1475 (9th Cir. 1997).

27       ERISA § 502(a)(1)(B) is inadequate because it does not return Plaintiff to the

28   position she would have been in had Prudential not committed its breach of fiduciary

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1   duty.  That relief provides Plaintiff with past benefits, interest and attorneys' fees, but

2   does nothing to redress the consequential economic harm she and her family have

3   been forced to endure, or the emotional trauma and anxiety needlessly occasioned by

4   Prudential's withholding of sorely-needed disability benefits.

5       The United States Supreme Court has never squarely addressed whether

6   ERISA § 502(a)(3) authorizes an award of money damages against a *fiduciary* such as

7   Prudential.  Instead, *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) concerned liability

8   of a non-fiduciary.  On the other hand, the Supreme Court recently recognized that

9   the "equitable relief" authorized by ERISA § 502(a)(3) means relief typically available

10  in equity for breach of trust.  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S.

11  204, 210, 217 (2002).  "Make-whole" relief, i.e., money damages designed to place the

12  Plaintiff in the position she would have been had the breach not occurred, was

13  typically available in courts of equity.  *See* Restatement (Second) of the Law of Trusts,

14  §§ 2 cmts. e and f, 197 (1959).  A beneficiary could maintain a suit in equity to obtain

15  various forms of relief, including "to compel the trustee to redress a breach of trust."

16  *Id.,* § 199(a)-(c).  The trustee's liability in the event of a breach gave rise to various

17  alternative remedies, including a remedy that "will put [the beneficiary] in the

18  position in which he would have been if the trustee had not committed the breach of

19  trust."  *Id.,* § 205 & cmt. a.

20      It is for these reasons that the United States Solicitor General and Department

21  of Labor recently explained to the United States Supreme Court in their amicus brief

22  filed in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) that ERISA § 502(a)(3) should

23  allow for the recovery of "make-whole" monetary relief.  As the government

24  explained, "after *Great-West*, the government has taken the position in several cases

25  pending in courts of appeals that Section 502(a)(3) allows at least some forms of

26  'make-whole' relief against a breaching fiduciary in light of the general availability of

27  such relief in equity at the time of the divided bench." Req. Jud. Not., Exh. B, p. 27

28  fn.13.

1    The Court in *Davila* did not reach the issue of "make-whole" relief because it

2    was not squarely before the Court.  Nevertheless, oral argument included several

3    justices' expression of concern for the inadequacy of relief under ERISA § 502(a)(1)(B)

4    and the possibility that such an interpretation of § 502(a)(3) could fill the gap.  Indeed,

5    Justice Ginsburg wrote a concurring opinion, in which Justice Breyer joined, to

6    specifically highlight the issue.

7    Justice Ginsburg acknowledged a "rising judicial chorus urging that Congress

8    and [this] Court revisit what is an unjust and increasingly tangled ERISA regime."

9    *Davila*, 542 U.S. at , quoting *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 453 (3rd Cir.

10    2003) (Becker, J., concurring).  "Because the Court has coupled an encompassing

11    interpretation of ERISA's preemptive force with a cramped construction of the

12    "equitable relief" allowable under § 502(a)(3), a "regulatory vacuum" exists:

13    "[V]irtually all state law remedies are preempted but very few federal substitutes are

14    provided."  *Id.* at 456 (internal quotation marks omitted)."  *Id.*

15    Justices Ginsburg and Breyer specifically urged Courts such as the present one

16    to consider anew the availability of "make-whole" or some form of compensatory

17    damages for a breach of fiduciary duty and predicted the Court would one day

18    expressly uphold a participant's ability to pursue such damages:

19    As the array of lower court cases and opinions documents, *see, e.g.,*
     *DiFelice; Cicio v. Does*, 321 F.3d 83 (C.A.2 2003), cert. pending *sub nom.*
20    *Vytra Healthcare v. Cicio*, No. 03-69, 72 USLW 3093 (2003), fresh
     consideration of the availability of consequential damages under
21    §502(a)(3) is plainly in order.  *See* 321 F.3d. at 106, 107 (Calabresi, J.,
     dissenting in part) ("gaping wound" caused by the breadth of
22    preemption and limited remedies under ERISA, as interpreted by this
     Court, will not be healed until the Court "start[s] over" or Congress
23    "wipe[s] the slate clean"); *DiFelice*, 346 F.3d, at 467 ("The vital thing ... is
     that either Congress or the Court act quickly, because the current
24    situation is plainly untenable.");  Langbein, *What ERISA Means by*
     *"Equitable": The Supreme Court's Trail of Error in Russell, Mertens, and*
25    *Great-West*, 103 Colum. L.Rev. 1317, 1365 (2003) (hereinafter Langbein)
     ("The Supreme Court needs to ... realign ERISA remedy law with the
26    trust remedial tradition that Congress intended when it provided in §
     502(a)(3) for] 'appropriate equitable relief.' ").

27                    *      *      *

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1   "Congress ... intended ERISA to replicate the core principles of trust
2   remedy law, including the make-whole standard of relief." Langbein
    1319. I anticipate that Congress, or this Court, will one day so confirm.

3   542 U.S. at 223-24.

4   **B.     Edwards Is Entitled to a Jury Trial For Her Claim For Benefits Under
             the Prudential Policy.**

5

6   Just as *Great-West* confirms that a claim under ERISA § 502(a)(3) is an equitable

7   claim, it also clarified that a claim under ERISA § 502(a)(1)(B) is a legal claim for the

8   recovery of money damages. However, prior authorities that rejected a plan

9   participant's right to a jury trial, including the cases cited by defendants, presumed to

10  the contrary that a claim for benefits under ERISA § 502(a)(1)(B) was an equitable

11  claim. *Knudson* has effectively overturned these and other decisions that have found

12  no jury trial exists in an ERISA benefits action.

13  In *Knudson*, Great-West sought reimbursement of medical expenses it had paid

14  pursuant to an action under ERISA § 502(a)(3).   To justify its reimbursement action

15  under ERISA § 502(a)(3), Great-West claimed that its suit was for restitution and

16  therefore was a permissible equitable action. The Supreme Court rejected this

17  argument, and in doing so, held that a claim for money due and owing under a

18  contract – the same type of action brought here – is quintessentially an action at law.

19  The Court stated:

20      Here, petitioners seek, in essence, to impose personal liability on
        respondents for a contractual obligation to pay money—relief that was
21      not typically available in equity. "A claim for money due and owing
        under a contract is 'quintessentially an action at law.'" *Wal-Mart Stores,*
22      *Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (Posner, J.). "Almost
        invariably . . . suits seeking (whether by judgment, injunction, or
23      declaration) to compel the defendant to pay a sum of money to the
        plaintiff are suits for 'money damages,' as that phrase has traditionally
24      been applied, since they seek no more than compensation for loss
        resulting from the defendant's breach of legal duty. [Citation] And
25      "[m]oney damages are, of course, the classic form of legal relief."
        [Citation]

26

27  534 U.S. at 210.

28  ///

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    Here, Plaintiff's suit with respect to her first cause of action likewise seeks

2  money damages, which the United States Supreme Court has just stated is a classic

3  form of "legal" relief.  The cases rejecting a plaintiff's right to a jury trial in ERISA

4  cases have done so based upon the legal remedy vs. equitable remedy distinction.  In

5  *Spinelli v. Gaughn*, 12 F.3d 853, 855 (9th Cir. 1993), the court determined that an ERISA

6  plaintiff is entitled to a jury trial if (1) the nature of his or her claim is analogous to a

7  common law suit and (2) the remedy provided is legal as opposed to equitable in

8  nature.  Contrary to prior precedent in this and other Circuits, it is now clear that such

9  relief is exclusively legal as opposed to equitable in nature.  Plaintiff's right to a jury

10  trial is thus guaranteed under the Seventh Amendment.

11  **IV.    CONCLUSION**

12    Based on the foregoing, Plaintiff respectfully requests the Court to deny

13  Defendants' Motion to Strike in its entirety. To the extent the Court determines that

14  Plaintiff's Complaint is deficient in any respect, Plaintiff requests leave to amend.

15

16  Dated:  March 21, 2008              PILLSBURY & LEVINSON, LLP

17

18                  By:  _____/s/_____

19                       Terrence J. Coleman
                         Brian H. Kim
                         Attorneys for Plaintiff
20                       APRIL FONTANA

21

22

23

24

25

26

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111