Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   +1 510 763 2000
Facsimile:   +1 510 273 8832

Attorneys for Defendants The Guardian Life Insurance Company Of America and The Check Point Software Technologies, Inc. Disability Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL FONTANA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; THE CHECK POINT SOFTWARE TECHNOLOGIES, INC. DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No. C 08-01231 CRB<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F)**<br><br>Date:　　　April 11, 2008<br>Time:　　　10:00 a.m.<br>Place:　　　Ctrm 8, 19th Floor<br><br>Honorable Charles R. Breyer |

## I. INTRODUCTION.

Plaintiff April Fontana ("plaintiff") has not set forth any reliable legal authority to support the availability of monetary damages, including emotional distress damages, or jury trial for claims brought under ERISA. Plaintiff only asserts two claims in the Complaint, one under 29 U.S.C. Section 1132(a)(1)(B), the other under 29 U.S.C. Section 1132(a)(3). The clear language of ERISA's comprehensive regulatory scheme limits available remedies for these claims to recovery of past or future benefits under the terms of his plan, or injunctive or equitable relief. Monetary damages are therefore not available under ERISA. Moreover, applicable case law has consistently held that there is no right to jury trial in an ERISA action. Accordingly, defendants The Guardian Life Insurance Company of America and The Check Point Software Technologies, Inc. Disability Plan's (collectively "defendants'") motion to strike should be granted in its entirety.

## II. ARGUMENT.

### A. ERISA Preempts The Remedies Sought By Plaintiff.

Plaintiff does not dispute that her claims are completely preempted and governed by ERISA. In spite of this concession, plaintiff seeks relief in the form of monetary damages which are not permitted under ERISA's comprehensive remedial provisions. Plaintiff has not pointed to any language in ERISA or citation to applicable law which supports the general damages, or emotional distress damages that she requests in her Complaint. Accordingly, all references to such claims for damages should be stricken.

The ERISA statute consists of six carefully integrated civil enforcement provisions found in 29 U.S.C. Section 1132(a) of ERISA, which provide strong evidence that Congress did not intend to authorize other remedies. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). Plaintiff brings claims under Section 1132(a)(1)(B) and Section 1132(a)(3). Under 29 U.S.C. Section 1132(a)(1)(B), plaintiffs may recover benefits due them and may sue to enforce their rights under a plan or to clarify their rights to future benefits under a plan. Therefore, this section provides for relief only for the loss of past and future benefits. *See Russell*, 473 U.S. at 144.

Plaintiff does not dispute that monetary damages, including emotional distress damages, are not available under Section 1132(a)(1)(B). Instead, she argues that defendants fail to acknowledge

that plaintiff may also pursue additional remedies under Section 1132(a)(3) (also referred to as Section 502(a)(3)). Whether or not plaintiff may assert a claim under Section 1132(a)(3) is not at issue for purposes of this motion. Defendants are, however, challenging plaintiff's request for relief in the form of general damages, or damages for emotional distress, under either Section 1132(a)(3), or any other ERISA provision. Section 1132(a)(3) provides that a civil action may be brought:

> (3) by a participant, beneficiary, or fiduciary
>
>> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or
>>
>> (B) to obtain other appropriate equitable relief
>>
>>> (i) to redress such violations or
>>>
>>> (ii) to enforce any provisions of this subchapter or the terms of the plan […].

As the above language clearly states, Section 1132(a)(3) only authorizes injunctive or equitable relief. The Ninth Circuit has expressly held that this Section makes no provision for extra-contractual or compensatory damages, including damages for emotional distress. *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998); *Sokol v. Bernstein*, 803 F.2d 532, 538 (9th Cir. 1986). Plaintiff appears to argue, however, that this Section permits restitution or what she refers to as "'[m]ake-whole' relief, i.e., money damages designed to place the Plaintiff in the position she would have been had the breach not occurred …" (Pltf's Opp. at 5:5-19). Even if restitution were permitted under Section 1132(a)(3), plaintiff does not seek restitution here. Plaintiff seeks general damages (Complaint at ¶ 13 and p. 8, lines 26-27), including damages for the "severe economic hardship and emotional distress" that she has allegedly suffered (*id.* at ¶ 14). As the United States Supreme Court has held, a request for monetary relief such as plaintiff's does not constitute equitable relief under Section 502(a)(3). *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of *legal* relief").[1] Moreover, as plaintiff

---

[1] While plaintiff points out that *Mertens* concerned liability against a non-fiduciary, that fact is immaterial for purposes of determining whether money damages constitute equitable relief under Section 1132(a)(3).

acknowledges, there is no case law supporting an award for money damages under ERISA Section 1132(a)(3).

Plaintiff also attempts to rely on the amicus briefing by the United States Solicitor General and Department of Labor in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), to support her position that ERISA Section 1132(a)(3) should allow for the recovery of "make-whole" monetary relief. However, an amicus brief is not binding authority on this Court. Moreover, plaintiff herself admits that the Supreme Court did not reach the issue of money damages, or "make-whole" relief for that matter, under ERISA in *Davila*. (Pltf's Opp. at 6:1-2); *see also Davila*, 542 U.S. at 221 n.7. Accordingly, plaintiff's reliance on amicus briefing in *Davila* is unpersuasive.

The United States Supreme Court has expressed its "reluctan[ce] to tamper with an enforcement scheme crafted with such evident care as the one in ERISA." *Russell*, 473 U.S. at 147. Where "a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Id.* (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 571-574 (1979). "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *Northwest Airlines, Inc. v. Transport Workers Union of Am.*, 451 U.S. 77, 97 (1981). The clear language of 29 U.S.C. Section 1132(a) establishes that general monetary damages and emotional distress damages are not available in an ERISA action. By asserting such damages in an ERISA action, plaintiff improperly seeks state law remedies that duplicate, supplement or supplant the remedies already available pursuant to ERISA. Plaintiff's claims for damages in paragraphs 13 and 14, and page 8, lines 26 through 27 of the Complaint should therefore be stricken.

**B.     Plaintiff Is Not Entitled To A Jury Trial.**

The well-settled rule in the Ninth Circuit is that participants and beneficiaries of ERISA-governed plans are not entitled to jury trials for claims brought under Section 1132 of ERISA. *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001). Contrary to plaintiff's assertion, this rule has not been overturned by *Great-West Life & Annuity Insurance Company v. Knudsen*, 534 U.S. 204 (2002). In *Knudsen*, an

insurer attempted to file a subrogation action against plan beneficiaries under 29 U.S.C. Section 1132(a)(3). The court held that the nature of the relief sought by the insurance company was legal and therefore not authorized by Section 1132(a)(3)'s equitable relief provision. *Knudsen*, 534 U.S. at 210. *Knudsen* did not address whether a damages claim under 29 U.S.C. Section 1132(a)(1)(B) is, as plaintiff argues, a legal claim that entitles plaintiff to a jury trial. The Ninth Circuit rule stated in *Thomas* and *Ingram* therefore remains good law. Plaintiff's demand for a jury trial should therefore be stricken.

### C. Granting Plaintiff Leave To Amend Would Be Futile.

Plaintiff has also requested leave to amend her Complaint in the event that defendants' Motion to Strike is granted. Leave to amend should be denied if the court determines that "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (a district court "does not err in denying leave to amend where amendment would have been futile"). Here, plaintiff cannot cure the defects in her Complaint because she has already requested any and all remedies available under ERISA, and there is no alternative means for plaintiff to assert a right to jury trial for her ERISA claims. Accordingly, plaintiff's request for leave to amend should be denied.

### III. CONCLUSION.

Plaintiff has not set forth any persuasive authority to support her request for general monetary damages and emotional distress damages, or her request for a jury trial in connection with her claims under ERISA. For the foregoing reasons, defendants respectfully request that the Court grant their Motion to Strike in its entirety without leave to amend.

DATED: March 28, 2008.

REED SMITH LLP

By     /s/ Eugenia S. Chern
    Eugenia S. Chern
    Attorneys for Defendants The Guardian Life
    Insurance Company Of America and The Check
    Point Software Technologies, Inc. Disability Plan

DOCSOAK-9903375.1

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On March 28, 2008, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(F)**

☐ by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

John E. Slavitt, Esq.
Check Point Software Technologies, Inc.
800 Bridge Parkway
Redwood City, CA 94065
Telephone: 650-628-2110
Facsimile: 650-649-1975

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on March 28, 2008, at Oakland, California.

          /s/ Rowena Lerma
          Rowena Lerma