Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone: +1 510 763 2000
Facsimile: +1 510 273 8832

Attorneys for Defendants The Guardian Life Insurance Company Of America and The Check Point Software Technologies, Inc. Disability Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL FONTANA, <br><br> Plaintiff, <br><br> vs. <br><br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; THE CHECK POINT SOFTWARE TECHNOLOGIES, INC. DISABILITY PLAN; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. C 08-01231 CRB <br><br> **ANSWER TO COMPLAINT** <br><br> Compl. Filed: January 14, 2008 <br><br> Honorable Charles R. Breyer |

Defendants The Guardian Life Insurance Company Of America and The Check Point Software Technologies, Inc. Disability Plan (collectively "defendants") hereby answer the Complaint of plaintiff April Fontana ("plaintiff") by admitting, denying and alleging as follows:

1. Answering paragraph 1 of the Complaint, defendants admit that plaintiff was residing in the State of California. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2. Answering paragraph 2 of the Complaint, defendants admit that Guardian was and is

a business authorized to transact life and disability insurance in the State of California. Except as expressly admitted, defendants deny each and every remaining allegation set forth in this paragraph.

3. Answering paragraph 3 of the Complaint, defendants admit that Guardian issued group plan number G-00317165-IC (the "Plan"), naming plaintiff's former employer, Check Point Software Technologies, Inc. ("Check Point"), as the planholder. Defendants further admit that the Plan provides, among other things, long-term disability insurance coverage, and is an employee welfare benefit plan governed by the Employee Retirement income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* Defendants also admit that Guardian is the claims fiduciary of the Plan. Except as expressly admitted, defendants deny each and every remaining allegation set forth in this paragraph.

4. Answering paragraph 4 of the Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Answering paragraph 5 of the Complaint, defendants admit that plaintiff was employed as a marketing program manager for Check Point in Redwood City, California, and as such, was enrolled in the Plan. Except as except as expressly admitted, defendants deny each and every remaining allegation set forth in this paragraph.

6. Answering paragraph 6 of the Complaint, defendants admit that plaintiff was insured under the Plan as an employee of Check Point. Defendants further admit that, as an insured under the Plan, plaintiff was eligible for disability benefits provided that she met the terms of the Plan. Defendants also admit the terms of the Plan. Except as express admitted, defendants deny each and every remaining allegation set forth in this paragraph.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, defendants admit that, while the Plan was in full force and effect, plaintiff asserts that she became disabled and entitled to benefits under the Plan with a diagnosis of C6-7 disc protrusion, C4-5 herniation abutting the cord, bilateral De Quervain's tenosynovitis, acute and chronic bilateral C6 radiculopathy. Except as expressly admitted, defendants deny each and every remaining allegation set forth in this paragraph.

9. Answering paragraph 9 of the Complaint, defendants admit that plaintiff applied for short term disability benefits under the Plan.

10. Answering paragraph 10 of the Complaint, defendants admit that Guardian paid short-term and long-term disability benefits to plaintiff. Defendants further admit that Guardian notified plaintiff via letter dated October 12, 2006 that it had reviewed plaintiff's long term disability benefit claim and determined that no further benefits were payable after July 8, 2006. Except as expressly admitted, defendants deny each and every remaining allegation set forth in this paragraph.

11. Answering paragraph 11 of the Complaint, defendants admit that plaintiff appealed Guardian's decision and submitted additional documentation for Guardian's consideration. Except as expressly admitted, defendants deny each and every remaining allegation set forth in this paragraph.

12. Answering paragraph 12 of the Complaint, defendants admit that Guardian notified plaintiff's counsel via letter dated October 31, 2007 that it had completed its review of plaintiff's appeal for disability benefits and that it was upholding its denial of further benefits, except to clarify that benefits should have been paid through July 9, 2006, and to state that the underpayment amount would be issued to plaintiff under a separate cover.

13. Defendants deny the allegations contained in paragraphs 13, 14 and 15 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

### Recovery of Employee Benefits

### (Against All Defendants; 29 U.S.C. §1132(a)(1)(B))

14. Answering paragraph 16 of the Complaint, defendants incorporate by reference their answer to the allegations set forth in paragraphs 1 through 14 of the Complaint.

15. Answering paragraph 17 of the Complaint, defendants admit that plaintiff was insured under the Plan, and that Guardian was responsible for the administration and handling of plaintiff's claim for benefits.

16. Defendants deny the allegations contained in paragraph 18 of the Complaint.

17. Answering paragraph 19 of the Complaint, defendants admit that, while the Plan was in full force and effect, plaintiff submitted a claim for disability benefits, and Guardian paid plaintiff short-term and long-term disability benefits under the Plan. Except as expressly admitted,

1   defendants deny the remaining allegations set forth in this paragraph.

2       18.    Answering paragraph 20 of the Complaint, defendants admit that Guardian determined that no further disability benefits were payable to plaintiff after July 9, 2006.  Defendants further admit that plaintiff appealed Guardian's decision and Guardian notified plaintiff's counsel via letter dated October 31, 2007 that it had completed its review of plaintiff's appeal for disability benefits and that it was upholding its denial of further benefits.  Defendants also admit that plaintiff exhausted her administrative remedies.  Except as expressly admitted, defendants deny the remaining allegations set forth in this paragraph.

    19.    Defendants deny the allegations contained in paragraphs 21 and 22 of the Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

### Equitable Relief

**(Against GUARDIAN, and DOES 11-20; 29 U.S.C. §1132(a)(3))**

    20.    Answering paragraph 23 of the Complaint, defendants incorporate by reference their answer to the allegations set forth in paragraphs 1 through 21 of the Complaint.

    21.    Answering paragraph 24 of the Complaint, defendants admit that Guardian is the claims fiduciary under the Plan.  Except as expressly admitted, defendants deny the remaining allegations set forth in this paragraph.

    22.    Defendants deny the allegations contained in paragraphs 25, 26 and 27 of the Complaint.

    23.    Defendants deny the allegations contained in paragraph 28, including sub-paragraphs A, B, C, D, E, F, G, H and I of this paragraph, of the Complaint.

    24.    Defendants deny the allegations contained in paragraph 29, including sub-paragraphs A and B of this paragraph, of the Complaint.

    25.    Defendants deny the allegations contained in paragraphs 30 and 31 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

    26.    The Complaint and each purported claim for relief therein, fails to state facts sufficient to constitute any claim for relief against defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Claims Barred By Subject Plan)

27. Plaintiff's claims are barred by the terms, exclusions, limitations and conditions of the subject plan.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Submit Adequate Proof)

28. Defendants deny that plaintiff is entitled to any recovery against them with respect to the alleged claims asserted in the Complaint. If, however, it should be determined that plaintiff is entitled to assert any claim for relief against defendants in this action, defendants are informed and believe, and on such basis allege, that any such claims would be based upon information and/or signed documentation which plaintiff failed properly to submit to the administrator, and which plaintiff knew, or should have known, should have been submitted properly to the administrator.

## FOURTH AFFIRMATIVE DEFENSE

### (Privilege)

29. Each and every action or statement made by defendants, to or with reference to plaintiff, was a good faith assertion of their rights and therefore was privileged.

## FIFTH AFFIRMATIVE DEFENSE

### (ERISA - No Future Benefits)

30. To the extent that plaintiff claims any future benefits, those claims are barred by ERISA.

## SIXTH AFFIRMATIVE DEFENSE

### (Standard of Review)

31. The subject plan expressly provides that "Guardian is the Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims", and therefore, denial of benefits under the subject plan can only be reversed upon a finding that Guardian acted in an arbitrary and capricious manner.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State Right to Attorney's Fees)

32. The Complaint fails to state facts sufficient to entitled plaintiff to an award of attorney's fees.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff April Fontana take nothing by reason of her Complaint on file herein;

2. For costs of suit incurred herein;

3. For attorney's fees pursuant to ERISA; and

4. For such other and further relief as the Court may deem just and proper.

DATED: April 14, 2008.

REED SMITH LLP

By  /s/ Eugenia S. Chern
  Linda B. Oliver
  Eugenia S. Chern
  Attorneys for Defendants The Guardian Life
  Insurance Company Of America and The Check
  Point Software Technologies, Inc. Disability Plan

DOCSOAK-9904866.1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On April 14, 2008, I served the following document(s) by the method indicated below:

**ANSWER TO COMPLAINT**

☐ by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

John E. Slavitt, Esq.
Check Point Software Technologies, Inc.
800 Bridge Parkway
Redwood City, CA 94065
Telephone: 650-628-2110
Facsimile: 650-649-1975

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 14, 2008, at Oakland, California.

        /s/ Rowena Lerma
Rowena Lerma