Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
Eugenia S. Chern (SBN 215092)
Email: echern@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   +1 510 763 2000
Facsimile:   +1 510 273 8832

Attorneys for Defendants The Guardian Life
Insurance Company Of America and The Check
Point Software Technologies, Inc. Disability
Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL FONTANA,<br><br>              Plaintiff,<br><br>    vs.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; THE CHECK POINT SOFTWARE TECHNOLOGIES, INC. DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No. C 08-01231 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:           June 6, 2008<br>Time:          8:30 a.m.<br>Place:         Courtroom 8, 19th Floor<br>Compl. Filed:<br><br>Honorable Charles R. Breyer |

Pursuant to Local Rule 16-9, plaintiff April Fontana and defendants The Guardian Life Insurance Company of America and The Check Point Software Technologies, Inc. Disability Plan submit this Joint Case Management Statement as follows:

**1.      Jurisdiction and Service.**

This Court has original jurisdiction over this matter pursuant to 29 U.S.C. Section 1132(e) because plaintiff's claims against Guardian arise from an attempt to recover disability benefits under an employee welfare benefit plan as defined in 29 U.S.C. Section 1002(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

No other parties remain to be served.

**2.    Facts.**

    **a.    Chronology of Facts.**

Plaintiff filed the Complaint on January 14, 2008, in the Superior Court of California, County of San Francisco. According to the Complaint, plaintiff was employed in San Francisco, California as a marketing program manager for Check Point Software Technologies, Inc. and as such, was enrolled in the Check Point Software Technologies, Inc. Disability Plan (the "Plan"). Plaintiff asserts that, as a Plan member, she was insured through a group disability contract issued by Guardian. The group disability contract is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

Plaintiff alleges that she became disabled and applied for disability benefits under the Plan. Guardian paid her disability benefits for the first 24 months of disability because plaintiff was unable to perform the major duties of her regular occupation on a full-time basis. Pursuant to the terms of the Plan, the definition of "disability" changes after the first 24 months of disability such that plaintiff must be completely unable to perform the major duties of any occupation. Once the first 24 months of disability expired, Guardian contends that it reviewed plaintiff's claim under the "any occupation" definition and determined that she did not meet this definition of disability. Accordingly, Guardian notified plaintiff on or about October 12, 2006, that no further benefits were payable as of July 9, 2006.

    **b.    Principal Factual Issues in Dispute.**

- Whether plaintiff submitted adequate proof in support of her claim for continued disability benefits under the "any occupation" definition of the Plan.
- The scope of Guardian's conflict of interest as the funding source and claims administrator for the Plan.
- Whether Plaintiff was disabled under the terms of the Plan when Guardian decided to terminate Plaintiff's long-term disability benefits.

### 3. Legal Issues.

Plaintiff brings this action seeking payment of disability benefits under the Plan. The Complaint asserts a claim for recovery of employee benefits under 29 U.S.C. Section 1132(a)(1)(B) and a claim for equitable relief under 29 U.S.C. Section 1132(a)(3). Plaintiff asserts that Guardian improperly discontinued her claim for disability benefits and that Guardian's actions constituted a breach of fiduciary duty warranting equitable relief. Plaintiff also asserts that the applicable standard of review is de novo, while Guardian asserts that the applicable standard of review is abuse of discretion. Plaintiff asserts that if the Court finds that the standard of review is abuse of discretion, that the nature, extent and effect of Guardian's conflict of interest as defined by *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006) must be considered when deciding whether Guardian abused its discretion in terminating Plaintiff's benefits.

Guardian asserts that it properly terminated benefits on the ground that plaintiff was no longer disabled under the "any occupation" definition of the Plan. Guardian further contends that its decision to deny further payment of benefits should be reviewed under an abuse of discretion standard.

### 4. Motions.

Defendants filed a Motion to Strike portions of the Complaint on March 7, 2008, seeking to strike plaintiff's claim for general damages, including damages for emotional distress, and her demand for jury trial. The Court issued its Order on March 31, 2008, granting the Motion in its entirety without leave to amend.

The parties anticipate filing cross-motions pursuant to Federal Rule of Civil Procedure 52 in lieu of trial.

### 5. Amendment of Pleadings.

No further amendment of the pleadings is anticipated. The parties propose a deadline of July 18, 2008 for amending the pleadings.

**6.    Evidence Preservation.**

Defendants have preserved all records relating to plaintiff's claim for disability benefits under the Plan in their possession at the time the lawsuit was served.

**7.    Disclosures.**

Defendants have agreed to produce a full copy of the administrative record in connection with plaintiff's claim for disability benefits under the Plan by the deadline set forth in the Order Setting Initial Case Management Conference and ADR Deadlines filed on February 29, 2008.

**8.    Discovery.**

Defendants assert that no discovery is necessary as this action is governed by ERISA, 29 U.S.C. Section 1132 and as such, a trial of plaintiff's claims is limited to the Court's review of the administrative record compiled and reviewed during the claims review and appeals processes. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999), *cert. denied,* 582 U.S. 969 (1999). Therefore, no discovery outside of the administrative record is relevant or likely to lead to admissible evidence in a trial of this matter.

Plaintiff seeks written information and documents on issues relating to Guardian's conflict of interest, including but not limited to:

   a.    The financial and business relationship between Guardian and any medical professionals (and any third party vendor services that hired the medical professionals) involved in reviewing Plaintiff's claim;

   b.    The financial and business relationship between Guardian and any third-party vocational experts used to evaluate Plaintiff's claim, including but not limited to Jeff Beeman, M.Ed, Cr.C., N.C.C., C.D.M.S., Sharon E. Taschenberg, M.A., CRC, CDMS, ABVE, and Ellen M. Pietro, R.N.; and

   c.    The financial incentives of Guardian employees involved in administering Plaintiff's claim (including but not limited to Kelly Holmes (Adjudication Procedural Specialist) and Denise

Hein (Adjudication & Procedural Specialist));

Plaintiff also seeks to take the depositions of the third-party medical reviewers and the third-party vocational experts involved in reviewing Plaintiff's claim along with the vendor companies hiring these reviewers, and the Guardian employees involved in administering Plaintiff's claim.

Plaintiff contends that the discovery listed above seeks evidence that is admissible in ERISA cases according to the Ninth Circuit's decision in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006).

9. **Class Actions.**

Not applicable.

10. **Related Cases.**

None.

11. **Relief.**

According to the Complaint, plaintiff seeks recovery of employee benefits under 29 U.S.C. Section 1132(a)(1)(B) and equitable relief under 29 U.S.C. Section 1132(a)(3). Plaintiff's claim for general damages, including damages for emotional distress, was stricken pursuant to the Court's Order dated March 31, 2008.

12. **Settlement and ADR.**

The parties have agreed to participate in and complete mediation by October 6, 2008, and have filed a Stipulation and [Proposed] Order for ADR Process with the Court. The Order was entered on May 21, 2008.

13. **Consent to Magistrate Judge For All Purposes.**

The defendants do not consent to the assignment to a magistrate judge for all purposes.

14. **Other References.**

None.

**15.   Narrowing of Issues.**

None.

**16.   Expedited Schedule.**

Not applicable.

**17.   Scheduling.**

Defendants assert that no discovery is warranted, as set forth above. Accordingly, no discovery deadlines are necessary.

<u>Plaintiff asserts that discovery is warranted, as set forth above, and proposes a discovery deadline of early October 2008.</u>

**18.   Trial.**

Not applicable. Pursuant to the Court's Order dated March 31, 2008, plaintiff is not entitled to jury trial. *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000). In lieu of a trial date, the parties anticipate that the case will be tried to the Court by way of cross-motions pursuant to Federal Rule of Civil Procedure 52 and propose the following briefing schedule:

| | |
|---|---|
| Mid-October 2008 | Last Day for Parties to File Opening Cross-Motions |
| Early November 2008 | Last Day for Parties to File Oppositions to Cross-Motions |
| Early December 2008 | Hearing |

Defendants assert that hearing on cross-motions will last 1/2 day. Plaintiff anticipates that hearing on cross-motions will last 1-2 days.

**19.   Disclosure of Non-Party Interested Entities Or Persons.**

Guardian filed its Certificate of Interested Entities Or Persons on March 3, 2008, stating as follows:

> Pursuant to Civil L.R. 3-16, the undersigned, counsel of record for defendant The Guardian Life Insurance Company of America, certifies that as of this date, other than the named parties, there is no such interest to report.

JOINT CASE MANAGEMENT STATEMENT

Plaintiff has filed the Disclosure of Non-Party Interested Entities or Persons required by Civil Local Rule 3-16. Since filing their respective disclosures, Plaintiff and Defendant Guardian certify that they know of no additional persons, firms, partnerships, corporations or other entities that have a financial interest in the subject matter in controversy or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Such Other Matters As May Facilitate The Just, Speedy and Inexpensive Disposition of This Case.**

None.

DATED: May 27, 2008.

PILLSBURY & LEVINSON, LLP

By_____
Terrence J. Coleman
Brian H. Kim
Attorneys for Plaintiff
April Fontana

DATED: May 27, 2008.

REED SMITH LLP

By_____
Linda B. Oliver
Eugenia S. Chern
Attorneys for Defendants The Guardian Life Insurance Company Of America and The Check Point Software Technologies, Inc. Disability Plan

DOCSOAK-9909141.1