IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL FONTANA, | No. C 08-01231 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| THE GUARDIAN LIFE INSURANCE, | |
| Defendant. | |

By Memorandum and Order filed January 12, 2009, the Court granted plaintiff's motion for summary judgment, denied defendant's cross-motion, and entered judgment. Now pending before the Court is plaintiff's motion for attorney's fees, costs and prejudgment interest. After carefully considering the parties' papers, the Court concludes that oral argument is unnecessary, and GRANTS plaintiff's motion in part.

**A.    Attorney's Fees**

The Court in its discretion finds that plaintiff should be awarded her reasonable attorney's fees. United Steel Workers of Am. v. Ret. Income Plan for Hourly-Rated Employees of ASARCO, Inc., 512 F.3d 555, 564 (9th Cir. 2008) (holding that as a general rule a prevailing ERISA plaintiff is entitled to attorney's fees unless special circumstances would render such an award unjust). The Court's consideration of the Hummell factors suggests that an award of fees is appropriate: while the Court does not find that defendant acted in bad faith, defendant's abuse of discretion was apparent; defendant has the ability to

**United States District Court**
For the Northern District of California

pay; an award may deter defendant from terminating benefits under similar circumstances; and again, defendant's abuse of discretion was apparent. See McElwaine v. US West, Inc., 176 F.3d 1167, 1172 (9th Cir. 1999).

The Court finds further that plaintiff's counsel's hourly rate is reasonable.

With respect to the amount of fees sought, the Court agrees with defendant that plaintiff should not recover fees for the 3.6 hours spent in connection with the motion to strike as there was no basis for a jury demand. The Court also finds that the time spent preparing for mediation and oral argument is reasonable.

The Court is unable to determine whether plaintiff's fee request is otherwise reasonable because of the substantive redactions to the billing records. Accordingly, as suggested by plaintiff, plaintiff shall produce unredacted copies of the billing records to the Court for its *in camera* review. The Court will take the amount of fees to be awarded under submission upon receipt of the *in camera* filing.

**B.    Costs**

Under ERISA a plaintiff may recover as "attorney's fees" expenses that are customarily billed separately, including expenses for computer-based research. Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redlands Ins. Co., 460 F.3d 1253, 1258-59 (9th Cir. 2006). Accordingly, plaintiff is awarded $6,876.35 in expenses as part of the attorney's fee award.

**C.    Prejudgment Interest**

The Court concludes that prejudgment interest at the interest rate prescribed for post-judgment interest under 28 U.S.C. section 1961 is appropriate in the circumstances of this case. See Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001).

//
//
//
//
//

**CONCLUSION**

Plaintiff shall submit unredacted copies of the billing records for the Court's *in camera* review within 10 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: March 4, 2009



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2008\1231\orderrefees.wpd            3